**Lorenzo THURSDAY–CAJILE DIOSA,**
**Lorenzo Thursday–Cajiles,**
**Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

**No. 05–71577.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 22, 2007.

Lorenzo Thursday–Cajile Diosa, Noveleta, Cavite, Philippines, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Oil, Carol Federighi, Esq., Jocelyn Lopez Wright, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM \*\*

Lorenzo Thursday–Cajile Diosa, a native and citizen of the Philippines, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's order denying his motion to terminate. We have jurisdiction under 8 U.S.C. § 1252. *See Fernandez–Ruiz v. Gonzales,* 468 F.3d 1159, 1163 (9th Cir.2006). We review de novo questions of law, *Cuevas–Gaspar v. Gonzales,* 430 F.3d 1013, 1017 (9th Cir. 2005), and we deny the petition for review.

The BIA did not err in using Diosa's 2001 admission date, as opposed to his 1991 admission date, to determine he was removable for having committed a crime involving moral turpitude within five years of admission. *See* 8 U.S.C. § 1227(a)(2)(A)(i). Unlike the petitioner in *Shivaraman v. Ashcroft,* 360 F.3d 1142 (9th Cir.2004), who adjusted his status while he remained in the United States, Diosa departed under an order of voluntary departure and was admitted as a lawful permanent resident upon physical reentry. Diosa's 2001 entry into the United States involved an inspection and authorization by an immigration officer, and thus, falls within the definition of "admission." 8 U.S.C. § 1101(a)(13)(A).

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.